UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DANIEL McCORMICK,                                              **COMPLAINT**

                        Plaintiff,                    Plaintiff Demands
    -against-                                             Trial by Jury

UNITED FACILITY SERVICES CORP'S,
dba EASTCO,

                        Defendants.
-----------------------------------------------------------------X

Plaintiff by his attorneys, DeTOFFOL & GITTLEMAN, Attorneys at Law, upon information and belief, complains of the Defendant herein, alleging at all relevant and materials times and upon information and belief, as follows:

**Nature of The Case**

Plaintiff complains against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended ("Title VII"), and pursuant to Gibb, 38 U.S. 715 (1966), and the New York State Human Rights Law under NYS Executive Law §296 et. seq. ("NYSHRL"), and seek damages to redress the injuries Plaintiff has suffered as a result of sex-based hostile work environment and retaliation.

**Jurisdiction & Venue**

1.     Jurisdiction of this action is conferred upon the Court insofar that this action involves a federal question under Title VII of the Civil Rights Act. The Court, pursuant to *Gibb*, 38 U.S. 715 (1966), also has supplemental jurisdiction over the Counts based on laws of the State of New York.

2.      Venue is proper in this district under 28 U.S.C. §1391(b) and otherwise based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York, and Plaintiff was employed by Defendant within the Eastern District of the State of New York.

3.      Plaintiff received a Right to Sue Letter, and this Complaint has been filed within 90 days of receipt of the aforementioned permission letter [*Right to Sue Letter Annexed hereto*].

4.      Plaintiff DANIEL McCORMICK, ("Mr. McCormick", "Employee", "Plaintiff") is a male individual who resides in the County of Queens, City and State of New York.

5.      Defendant UNITED FACILITY SERVICES CORP'S, Dba EASTCO, (hereinafter "EASTCO") is a registered domestic corporation, existing under and by virtue of the laws of the State of New York

6.      Defendant EASTCO is and was an "employer" covered by Title VII and Section 8-102 of the Administrative Code of the City of New York.

7.      Defendant employed Plaintiff.

8.      On or about July 14, 2021, Defendant hired Mr. McCormick as the Cleaning Crew Supervisor.

9.       Eastco assigned Mr. McCormick and his cleaning crew to complete janitorial services at Antech Diagnostics, a client of Eastco's, located at 1111 Marcus Ave, New Hyde Park, New York, NY 11042 ("Workplace").

10.     Defendant Jose Peralto ("Supervisor Peralto) is an adult male individual, employed by Defendant with the title Supervisor, with supervisory authority, performance authority, and hiring and firing capacity over Plaintiff.

11.     Defendant Chris Richards ("Supervisor Richards) is an adult male individual, employed by Defendant with the title Supervisor, with supervisory authority, performance authority, and hiring and firing capacity over Plaintiff.

12.     Defendant Lionel ("Mr. Lionel") is an adult male individual, employed by Antech Diagnostics, with the title Supervisor, with supervisory authority, performance authority, and hiring and firing capacity over Plaintiff.

**Facts Concerning Defendants' Unlawful Actions**

13.     Throughout McCormick's time working for Defendants, Mr. Lionel subjected McCormick to sustained, and continuous harassing behavior in the Workplace:

        a.      Weekly, Mr. Lionel requested that McCormick accompany him on dates, despite McCormick's repeated objections.

        b.      On many occasions, Mr. Lionel made inappropriate comments to McCormick based on his looks, such as commenting that McCormick looked attractive in tight shirts.

        c.      Weekly, over McCormick's objections, Mr. Lionel touched McCormick's back while stating inappropriate comments concerning McCormick's physique, such as that McCormick should be a stripper.

14.     In early September 2021, McCormick informed Respondent Supervisor Peralto of the sexual harassment perpetrated by Mr. Lionel. Specifically, within the Workplace, on a phone call with Supervisor Peralto, McCormick informed Supervisor Jose that he could not continue working in harassing conditions and that the harassing conditions were, in part, sexual in nature.

15.     This phone conversation prompted Defendant Supervisor Richards to call McCormick to the loading dock area of the Workplace during the following day.

16.     At the Workplace loading dock, McCormick explained to Supervisor Richards in detail that Mr. Lionel was sexually harassing him. However, instead of ameliorating behavior by Defendant or Supervisor Richards, Supervisor Richards suggested McCormick should "go fucking sue Lionel" because he has money.

17.     McCormick, during said conversation, informed Supervisor Richards of the sexual comments and showed Supervisor Richards inappropriate texts from Mr. Lionel.

18.     On another occasion, approximately two weeks before Defendant's termination of McCormick, in the Workplace cafeteria, McCormick again brought up to Supervisor Richards that he was dissatisfied with the Workplace because of the pay and sexual harassment he was still enduring from Mr. Lionel.

19.     Again, the Defendant took no action to alleviate the sexual harassment.

20.     On October 20, 2021, at the Workplace, McCormick approached Supervisor Peralto to discuss that, among other things, he was still uncomfortable working at the lab with Mr. Lionel because of the sexual harassment.

21.     During this conversation, Kathy, a co-supervisor with Mr. Lionel at Antech Diagnostics, overheard McCormick's complaints of sexual harassment and dissatisfaction within the Workplace.

22.     In addition to McCormick's complaints of harassment, McCormick requested pay stubs for him and his subordinates, as Defendant had neglected to regularly provide Plaintiff and his co-workers with paystubs.

23.     Plaintiff then informed Supervisor Peralto that he would report his claims of the sex-based hostile work environment and missing paystubs to the Department of Labor if the harassment continued.

24.     The following day, Mr. Brown, Defendant's owner and operator, texted McCormick, informing him that if McCormick continued to threaten to report Defendant to the Department of Labor for the hostile work environment, he would retaliate by reporting McCormick to his parole officer.

25.     Immediately following Plaintiff's complaints, Defendant no longer allowed McCormick to work at the Antech job assignment and he was not transferred to another position. Instead, Defendant retaliated to Plaintiff's rightful complaints of sexual harassment by wrongfully terminating Plaintiff.

26.     Plaintiff has suffered and continues to suffer economic and emotional distress, depression humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

27.     As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, non-pecuniary losses, as well as pecuniary losses.

28.     As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands a punitive damage assessment against Defendant.

29.     In sum, Plaintiff seeks damages for past and future lost wages, emotional distress, attorneys' fees, and punitive damages.

**COUNT 1**
**UNDER FEDERAL TITLE VII**
**Sex-Based Hostile Work Environment**

30.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

31.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. § 1981, for relief based upon the unlawful employment practices of Defendant.

32.     Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and gender.

33.     SEC. 2000e-2. [Section 703] states as follows:

(a) Employer practices
It shall be an unlawful employment practice for an employer -
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

34.     Defendant violated the section cited herein as set forth and engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by creating and maintaining a hostile discriminating work environment against Plaintiff because of his sex and gender.

**COUNT 2**
**UNDER FEDERAL TITLE VII**
**Retaliation**

35.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it

shall be unlawful employment practice for an employer:
(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

36.     Defendant violated the section cited herein as set forth and retaliated against Plaintiff

because he opposed Defendants' unlawful employment practices.

## COUNT 3
## UNDER N.Y.S. EXECUTIVE LAW
### Sex-Based Hostile Work Environment

37.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

38.     Executive Law § 296 provides that :

1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

39.     Defendants violated the section cited herein as set forth and engaged in an unlawful

discriminatory practice by creating and maintaining a hostile discriminating work environment

against Plaintiff because of his sex.

## COUNT 4
## UNDER N.Y.S. EXECUTIVE LAW
### Retaliation

40.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint.

41.     New York State Executive Law §296(7) provides that it shall be an unlawful:

For any person engaged in any activity to which this section applies to retaliate or discriminate

against any person because [s]he has opposed any practices forbidden under this article.

42.    Defendant violated the section cited herein as set forth and engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

## Relief

WHEREFORE, Plaintiff respectfully demands against Defendant on each and every respective Count:

(a)    An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to economic damages for lost past back pay and future front pay wages and attendant benefits;

(b)    An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to past and future non-economic damages for Plaintiff Humiliation, pain and suffering and emotional distress sustained;

(c)    An award to Plaintiff of the costs of this action, including their reasonable attorney's fees to the fullest extent permitted by law;

(d)    An award of punitive damages in an amount to be determined at trial; and

(e)    Such other and further relief as this Court deems necessary and proper.

## Jury Demand

Plaintiff requests a jury trial on all issues to be tried.

Joshua Gittleman, Esq.
DeTOFFOL & GITTLEMAN, Attorneys at Law

8

125 Maiden Lane – Suite 5C
New York, New York  10038
Tel. (212) 962-2220
Attorneys for Plaintiff